FILED

2020 FEB 12  PM 4: 15

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.

SAMUEL ARTHUR THOMPSON

CASE NO. 3:20-cr-26-J-39JRK
18 U.S.C. § 2252(a)(2)
18 U.S.C. § 1030(a)(5)(A)
18 U.S.C. § 2250(b)
18 U.S.C. § 2252(a)(4)(B)
18 U.S.C. § 922(g)(1)

### INDICTMENT

The Grand Jury charges:

### COUNT ONE

On or about January 26, 2018, in the Middle District of Florida, and elsewhere, the defendant,

SAMUEL ARTHUR THOMPSON,

did knowingly receive child pornography, that is, a visual depiction of a minor engaging in sexually explicit conduct, using a means and facility of interstate and foreign commerce, that is, by computer via the internet, the production of which involved the use of a minor engaging in sexually explicit conduct, which visual depiction was of such conduct, and which visual depiction is specifically identified in the computer file titled "vAVBHarL," and the defendant had a prior conviction for Second Degree Sodomy, Victim Younger

than 16 and Older than 12, on or about April 22, 1998, in violation of Alabama Criminal Code § 12A-6-64.

In violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1).

## COUNT TWO

From an unknown date at least as early as on or about September 16, 2018, through on or about December 2, 2018, in the Middle District of Florida, and elsewhere, the defendant,

SAMUEL ARTHUR THOMPSON,

did knowingly cause numerous transmissions of a program, information, code, and command, and as a result of such conduct, intentionally caused damage without authorization to protected computers that were used in interstate commerce and communication, in an amount of loss aggregating at least $5000 within a one year period.

In violation of 18 U.S.C. §§ 1030(a)(5)(A) and (c)(4)(B)(i).

## COUNT THREE

From on or about July 6, 2019, through on or about July 14, 2019, in the Middle District of Florida, and elsewhere the defendant,

SAMUEL ARTHUR THOMPSON,

who was required to register and keep said registration current with the State of Florida under the Sex Offender Registration and Notification Act, 42

U.S.C. § 16901, et seq. ("SORNA"), because the defendant is a sex offender as defined for purposes of SORNA, having been convicted of Second Degree Sodomy, Victim Younger than 16 and Older than 12, on or about April 22, 1998, in the State of Alabama, knowingly failed to provide information required by SORNA relating to his intended travel in foreign commerce and engaged and attempted to engage in travel to Nassau, the Bahamas.

All in violation of 18 U.S.C. § 2250(b).

## COUNT FOUR

On or about July 17, 2019, in the Middle District of Florida, the defendant,

SAMUEL ARTHUR THOMPSON,

did knowingly possess one or more matters that contained visual depictions that had been produced using materials that had been shipped and transported in and affecting interstate and foreign commerce, that is, a custom built desktop computer, the production of which visual depictions involved the use of a minor engaging in sexually explicit conduct and which visual depictions were of such conduct, and the depictions involved a prepubescent minor who had not attained 12 years of age, and the defendant had a prior conviction for

Second Degree Sodomy, Victim Younger than 16 and Older than 12, on or about April 22, 1998, in violation of Alabama Criminal Code § 12A-6-64.

In violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2).

## COUNT FIVE

On or about July 17, 2019, in the Middle District of Florida, the defendant,

### SAMUEL ARTHUR THOMPSON,

knowing that he had previously been convicted in any court of a crime punishable by imprisonment for a term exceeding one year, specifically, Second Degree Sodomy, Victim Younger than 16 and Older than 12, on or about April 22, 1998, did knowingly possess, in and affecting interstate commerce, a firearm, that is, a Smith & Wesson .38 caliber revolver.

In violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

## COUNT SIX

From on or about July 26, 2019, through on or about September 9, 2019, in the Middle District of Florida, and elsewhere the defendant,

### SAMUEL ARTHUR THOMPSON,

who was required to register and keep said registration current with the State of Florida under the Sex Offender Registration and Notification Act, 42 U.S.C. § 16901, et seq. ("SORNA"), because the defendant is a sex offender as

defined for purposes of SORNA, having been convicted of Second Degree Sodomy, Victim Younger than 16 and Older than 12, on or about April 22, 1998, in the State of Alabama, knowingly failed to provide information required by SORNA relating to his intended travel in foreign commerce and engaged and attempted to engage in travel to the Republic of Korea and to the Philippines.

All in violation of 18 U.S.C. § 2250(b).

## FORFEITURE

1. The allegations contained in Counts One and Four are incorporated by reference for the purpose of alleging forfeiture, pursuant to the provisions of 18 U.S.C. § 2253.

2. Upon conviction of a violation of 18 U.S.C. § 2252(a)(2), the defendant, SAMUEL ARTHUR THOMPSON, shall forfeit to the United States, pursuant to 18 U.S.C. § 2253:

    a. Any visual depiction described in 18 U.S.C. §§ 2251, 2251A, or 2252, 2252A, 2252B, or 2260 of Chapter 110, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of Chapter 110;

b.   Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

c.   Any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

3.   The allegations contained in Count Two are incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 982(a)(2)(B) and 18 U.S.C. § 1030(i).

4.   Upon conviction of a violation of 18 U.S.C. § 1030, the defendant, SAMUEL ARTHUR THOMPSON, shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(B), any property constituting, or derived from, proceeds the person obtained directly or indirectly, as a result of such violation. In addition, the defendant shall forfeit, pursuant to 18 U.S.C. § 1030(i), any personal property that was used to intended to be used to commit or to facilitate the commission of such violation; and any property, real or personal, constituting or derived from any proceeds obtained, directly or indirectly, as a result of such violation.

5.   The allegations contained in Count Five are incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

6. Upon conviction of a violation of 18 U.S.C. § 922(g)(1), the defendant, SAMUEL ARTHUR THOMPSON, shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), all firearms and ammunition involved in or used in the violation.

7. The property to be forfeited includes, but is not limited to, the following:

   a. custom built black computer tower, serial number RC942KKN11114901715;

   b. Western Digital 250 GB Hard Drive, serial number WMAEP2673326 removed from an external USB Hard Drive enclosure with the logo ACOM Data labeled Un-Reel Ext 002;

   c. black Apple iPhone 7, serial number F72SRGL2HG7P;

   d. Black Asus model X550C laptop computer, serial number E1N0CV131287028, containing 500 Megabyte HGST HTS Disk Drive serial number TMA55CPY2B2TAL;

   e. Asus Notebook, serial number E1N0CX833977048, containing a 500 GB HTST Hard Drive, serial number GL0K11BR (made in China); and

   f. Smith & Wesson revolver, model 637, .38 S&W Spl. +P caliber, serial number DAZ3430, and ammunition.

8. If any of the property described above, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third person;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b), and as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

_____
Foreperson

MARIA CHAPA LOPEZ
United States Attorney

By: _____
LAURA COFER TAYLOR
Assistant United States Attorney

By: _____
KELLY KARASE
Assistant United States Attorney
Deputy Chief, Jacksonville Division

FORM OBD-34
1/28/20 Revised

No. _____

# UNITED STATES DISTRICT COURT
Middle District of Florida
Jacksonville Division

THE UNITED STATES OF AMERICA

vs.

SAMUEL ARTHUR THOMPSON

## INDICTMENT

Violations: 18 U.S.C. § 2252(a)(2), 18 U.S.C. § 1030(a)(5)(A), 18 U.S.C. § 2250(b), 18 U.S.C. § 2252(a)(4)(B), 18 U.S.C. § 922(g)(1)

A true bill,

_____
Foreperson

Filed in open court this 12th day of February, 2020

_____
Clerk

Bail $ _____

GPO 863 525