UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

CASE NO.    3:20-cr-26-J-39JRK

v.

SAMUEL ARTHUR THOMPSON
_____/

**DEFENDANT'S MOTION FOR RETURN OF SEIZED PROPERTY**

COMES NOW, the Defendant, SAMUEL ARTHUR THOMPSON, by and through his undersigned counsel, and pursuant to Federal Rule of Criminal Procedure 41(g) and 18 U.S.C. § 983, respectfully moves this Court to order the government to return two cellular phones seized from Mr. Thompson on January 31, 2020.  In support of this motion, Mr. Thompson would respectfully state as follows:

**STATEMENT OF FACTS**

Mr. Thompson was arrested pursuant to an arrest warrant at the Los Angeles International Airport on January 31, 2020, by agents from the Federal Bureau of Investigation (FBI).  During a search incident to the arrest, federal agents located and seized two cellular phones.  A black Nokia phone with "1321" taped on the back was found in a backpack carried by Mr. Thompson on the flight.  A black Apple iPhone, Model X, was located inside the waistband of Mr. Thompson's pants. Mr. Thompson was provided a receipt of property for the items seized by the FBI.  Both items of personal property have been in continuous federal custody since the date of seizure.  On information and belief, neither item has been the subject of an application for a search warrant.  Also on information and belief, one or both of the phones is password protected.  The government has extended an offer to make a forensic copy of the phones and provide those copies, assuming

1

there is no contraband located on either phone, to Mr. Thompson if Mr. Thompson provides the password.  Mr. Thompson declines to provide the password

## LAW AND ARGUMENT

Federal Rule of Criminal Procedure 41(g) provides, in part: "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed.R.Crim.P. 41(g).  This rule applies to both property unlawfully seized and to property lawfully seized but unreasonably retained by the government.  *United States v. Zambrano*, 353 Fed. Appx. 227, 228 (11th Cir. 2009).  A motion for the return of seized property under Rule 41(g) is treated as a civil action in equity in which courts will determine all the equitable considerations in order to make a fair and just decision.  *United States v. Howell*, 425 F.3d 971, 974 (11th Cir. 2005).  In order to recover the property, the movant must demonstrate that he has a possessory interest in the seized property and that he has "clean hands".  *Howell*, 425 F.3d at 974.

The government has long blown past the deadline established by the Civil Asset Forfeiture Reform Act of 2000 for initiating forfeiture proceedings of these items of property.[1] 18 U.S.C. § 983(a)(3)(A).  Congress has established a clear remedy for that failure:  the property must be returned.  *See* 18 U.S.C. § 983(a)(3)(B).  Even absent that statutory command to return the property, the government's delay is so extreme that to commence forfeiture proceedings at this stage would violate Mr. Thompson's constitutional right to due process of law.

The two cellular phones subject to this motion were seized from Mr. Thompson fifteen months ago.  If the government believed that either item of personal property had potential evidentiary value to this case, no action has been taken in over a year to seek to validate that

---

[1] The Indictment does contain a forfeiture allegation for other items of property seized from Mr. Thompson's residence.

2

belief.  Indeed, it appears the property has simply sat in an FBI evidence room for fifteen months.  Mr. Thompson clearly has a possessory interest in the seized property as both items were taken from his person incident to his arrest.  He further has not acted in any manner that would call into question the cleanliness of his hands.

     Mr. Thompson has been prejudiced by the failure to return these items.  As the Supreme Court observed in *Riley v. California*, cellular phones differ in both a quantitative and qualitative sense from other objects that may be seized from an individual.  573 U.S. 373 (2014).  Essentially a minicomputer, a modern cell phone has immense storage capacity with the ability to serve as a camera, video player, rolodex, calendar, tape recorder, diary, and photo album.  Each of these functions could provide information that would assist Mr. Thompson in preparing his defense.  For instance, text message conversations might corroborate the testimony of a defense trial witness.  Electronic mail messages may serve a similar purpose.  Calendar entries may corroborate witness recollections of particular dates or times.  Contact entries may provide telephone numbers, e-mail addresses, or physical addresses for potential witnesses who Mr. Thompson has not had contact with in several years.  Geo data may provide indicators of Mr. Thompson's physical whereabouts on a certain date or time.  In short, this phone could contain an immense amount of information that would assist Mr. Thompson in mounting his defense and the government has done nothing in fifteen months to justify its continued possession of these items.

## CONCLUSION

Mr. Thompson respectfully requests an order from this Court directing the United States to immediately return the property it has seized.

Respectfully submitted,

**THE LAW OFFICE OF ERIC ROPER, P.A.**

*/s/ C. Eric Roper*

C. Eric Roper
Florida Bar No.: 84619
301 W. Bay Street, Ste 1413
Jacksonville, FL 32202
Telephone: (904) 354-8775
Facsimile: (904) 779-3247
Email: eric@ericroperlaw.com
Attorney for Defendant

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing has been electronically filed with the Clerk of Court and a copy furnished to Office of the United States Attorney, Suite 700, 300 North Hogan Street, Jacksonville, Florida 32202, by ECF PACER delivery, this 3rd day of May, 2021.

*/s/ C. Eric Roper*
C. Eric Roper
Attorney for Defendant