UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                        CASE NO. 3:20-cr-26-BJD-LLL

SAMUEL ARTHUR THOMPSON

**UNITED STATES' UPDATED RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR RETURN OF SEIZED PROPERTY**

The United States of America files this updated response in opposition to Defendant's Motion for Return of Seized Property, (Doc. 49, hereinafter, "Defendant's Motion"), which was filed on May 3, 2021, in accordance with this Court's December 6, 2022, Order (Doc. 152). In his motion, defendant requests the return of two cellular telephones that were seized from him upon his arrest on January 31, 2020. The government previously opposed the return of the two cellular telephones in its May 10, 2021, response to this motion. Doc. 52. In so doing, the United States noted that the phones have evidentiary value in this case, and that the iPhone XR in particular was likely to contain location information relevant to Count Six and that there was probable cause to believe the phone would contain child sex abuse material. Doc. 52 at 6-7. The undersigned noted that, to the extent defendant believes there is information stored on the phones that could assist in his defense, the government would provide a copy of the contents, assuming there was no contraband stored on the phones, if defendant would provide the

passcode to the phones; defendant declined.  *Id.* at 4.  The United States incorporates its previous response by reference.  Doc. 52.

Since the time of the government's original response to Defendant's Motion, Special Agent Moxley of the FBI obtained a federal warrant to search the iPhone XR on May 12, 2021.  The search warrant was produced to defendant in discovery on or about May 17, 2021.  The Cellebrite report of the iPhone XR was produced to defendant on or about May 5, 2022.  Because defendant possessed the iPhone XR while in the Philippines and charged, a filter team review was conducted, which caused a delay in the FBI having access to its contents and in production of the same.

A review of the contents of the iPhone XR reveals that it contains evidence relevant to multiple counts, including information reflecting defendant's location at times pertinent to the indictment.  Additionally, the iPhone XR contains text messages amongst witnesses in this case indicating that defendant had informed his brother that defendant had stored child sex abuse material on an iPad.  In December 2022, the FBI was able to access the contents of an iPad that had been seized during the search of defendant's home in July 2019.  The FBI is continuing to assess the contents of the iPad, but preliminary analysis shows that the iPad contains hundreds of videos and hundreds of images of child sex abuse material, including material that appears to have been produced by defendant of children in his care. The iPhone XR also contains messages between defendant and a female with a Philippines country code phone number.  In these messages, defendant discusses that he "caught [a child in his custody] playing with a boner."  After some

additional messaging, the female messaged to defendant "don't let him watch porn" and "he is too young," to which defendant replied, "Obviously not --" and then "He was in the shower – I walked into the bathroom and he had a big ole boner" to which the female responded "how long before you cum[?]" These messages are relevant to demonstrate defendant's sexual interest in the child in his care, who appears partially nude in a video that is believed to have been produced by defendant using the iPad.

With regard to the other phone seized from defendant upon reentering the United States, the government has not searched the phone. Given the large number of devices which have been possessed by defendant and found to contain child sex abuse material, or indicia of having previously been used to store such material, there is a substantial risk that the government would be providing contraband to defendant if the phone were to be returned to defendant. The government objects to returning the phone absent defendant consenting to a search for contraband, which could be done using a filter team, or defendant's consent to erase the phone prior to returning it.

## CONCLUSION

The United States has a legitimate and compelling interest in retaining the iPhone XR as evidence. Defendant has no possessory interest in the phones, and in

any event, has unclean hands given that the phones facilitated some of the charged offenses. Defendant's motion for return of property should be denied.

        Respectfully submitted,

        ROGER B. HANDBERG
        United States Attorney

By:   */s/ Laura Cofer Taylor*
        LAURA COFER TAYLOR
        Assistant United States Attorney
        USAO No. 170
        300 N. Hogan Street, Suite 700
        Jacksonville, Florida 32202
        Telephone:  (904) 301-6300
        Facsimile:  (904) 301-6310
        E-mail:  laura.c.taylor@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

>Christopher Eric Roper, Esq.
>*Standby Counsel for Defendant*

I hereby certify that on December 19, 2022, a true and correct copy of the foregoing document and the notice of electronic filing were placed in the United States Mail addressed to the following non-CM/ECF participant(s):

>Samuel Arthur Thompson, pro se
>Baker County Detention Center
>P.O. Box 1629
>MacClenny, FL 32063

>*s/ Laura Cofer Taylor*
>LAURA COFER TAYLOR
>Assistant United States Attorney