United States District Court
Middle District of Florida
Jacksonville Division

**UNITED STATES OF AMERICA**

v.                                                                                    No. 3:20-cr-26-BJD-LLL

**SAMUEL ARTHUR THOMPSON**

---

**Order Denying Motion to Return Seized Property**

Defendant Samuel Arthur Thompson's motion for the return of seized property, doc. 49, is again before the Court after updated briefing by the United States. Doc. 157. *See* doc. 152.

As explained in a previous order, on May 3, 2021, through his counsel, Thompson moved for the Return of Seized Property, doc. 49. Invoking Federal Rule of Criminal Procedure 41(g) and 18 U.S.C. § 983, Thompson asked the Court to return two cellular phones seized during his arrest on January 31, 2020: a black Apple iPhone, model X; and a black Nokia phone with "1321" taped on the back. Doc. 49. Thompson claimed that neither phone was subject to a search warrant, and that the phones should be returned because, "[i]f the government believed that either item of personal property had potential evidentiary value to this case, no action has been taken in over a year to validate that belief." *Id.* at 1-2. He also argued he has been prejudiced by the failure to return the items, because the phones could assist him in his defense. *Id.* at 3.

1

In the United States' opposition to the motion, doc. 52, it focused on the black iPhone, model X. The United States explained that for several months after its seizure law enforcement lacked the forensic capability to search the locked iPhone. *Id.* at 4. On May 5, 2021, after Thompson moved for return of his property, FBI Special Agent Daniel Moxley was informed that technological advances made the iPhone searchable. *Id.* at 5. The United States argued there was probable cause to believe the iPhone, at a minimum, would contain geographic location evidence relevant to count six of the indictment (SORNA violation related to undisclosed international travel) and child sex abuse material. *Id.* at 5-6; doc. 39 at 4.[1] The United States, therefore, indicated that it intended to "apply for a warrant to search the locked iPhone XR in the very near future." Doc. 52 at 5. The United States also explained that if the warrant was obtained, an image of the iPhone would be produced in discovery, assuming the phone did not contain contraband.[2] *Id.* The response did not address Thompson's request regarding the Nokia phone.

A series of developments in the underlying litigation, including issues surrounding Thompson's competency and desire to represent himself, delayed the Court's consideration of the motion, doc. 49. *See* doc. 152 at 2-3 (outlining the

---

[1] The United States has since filed a second superseding indictment, doc. 178. Count ten in the second superseding indictment is identical to count six of the superseding indictment that is referenced by the United States in docket entry 52.

[2] *See* 18 U.S.C. § 3509(m)(1) ("In any criminal proceeding, any property or material that constitutes child pornography . . . shall remain in the care, custody, and control of either the government or the court . . . .").

procedural posture of case). As a result, in December 2022, the Court ordered the United States to provide an updated response to the motion—specifically its grounds for continued seizure of the Nokia phone. Doc. 152. The Court also asked the United States to address whether it still believed the iPhone to be of evidentiary value and whether law enforcement had accessed its contents. *Id.* at 5. The United States timely responded, doc. 157. Thus, the Court considers docket entries 49, 52, and 157, here.

## Analysis

Rule 41(g) of the Federal Rules of Criminal Procedure provides that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim P. 41(g).[3] Explained plainly, Rule 41(g) is the mode in which an individual may recover property the government has taken as evidence. *United States v. Guerra*, 426 F. App'x 694, 697 (11th Cir. 2011) (citations omitted). Such a motion may be denied where the defendant is not allowed lawful possession of the property, the property is contraband or subject to a forfeiture action, or the government has a continued need for the property as evidence. *United States v. Garcon*, 406 F. App'x 366, 369 (11th Cir. 2010) (quoting *United States v. Pierre*, 484 F.3d 75, 876 (1st Cir. 2007)). *See also United States v. Lincks*, No. 09-60187-CR-ZLOCH, 2009 WL 2257828, at *3 (S.D. Fla. July 29, 2009) (quoting *United States v. Dean*, 100 F.3d 19, 20 (5th Cir. 1996) ("A criminal defendant [in an

---

[3] "When a Rule 41(g) motion is filed, '[t]he court must receive evidence on any factual issue necessary to decide the motion.'" *United States v. Davis*, 789 F. App'x 105, 108 (11th Cir. 2019) (quoting Rule 41(g)).

3

ongoing prosecution] is 'presumed to have the right to the return of his property once it is no longer needed as evidence.'")).

If "the government wishes to retain the property, it must have and state a legitimate reason for doing so." *Garcon*, 406 F. App'x at 369 (citing *United States v. Potes Ramirez*, 260 F.3d 1310, 1314 (11th Cir. 2001)). When the United States seeks to hold evidence or property for its evidentiary value—that is for "an investigation or prosecution, its retention of the property is generally reasonable." *Lincks*, 2009 WL 2257828, at *3 (citing Fed. R. Civ. P. 41(g), Advisory Committee Notes to 1989 Amendments of Rule 41(e)).[4] *See also United States v. Alford*, 805 F. App'x 924, 926 (11th Cir. 2020) (denying a defendant's post-judgment motion to return property and explaining the government had a legitimate reason to retain evidence, including a cellphone, after a defendant was convicted of child pornography because until the defendant exhausted his post-conviction remedies, the government could still need the evidence at a new trial).[5]

On May 12, 2021, after the United States' response to the motion was filed, doc. 52, a warrant was obtained to search the iPhone. Doc. 157 at 2. The United States

---

[4] Before 2002, what is now Rule 41(g) was codified at Federal Rule of Criminal Procedure 41(e). *United States v. Stoune*, 842 F. App'x 433, 436 n.3 (11th Cir. 2021).

[5] "When a property owner 'invokes Rule 41(g) *after the close of all criminal proceedings*, the court treats the motion for return of property as a civil action in equity.'" *United States v. Sivanadiyan*, 847 F. App'x 839, 842 (11th Cir. 2021) (quoting *United States v. Howell*, 425 F.3d 971, 974 (11th Cir. 2005) (emphasis added)). In *Alford*, the Circuit noted that in a post-conviction motion, the defendant could not have "clean hands" because the cellphone was connected to an email account that received child pornography. *Alford*, 805 F. App'x at 926.

asserts that the iPhone contains relevant evidence of Thompson's location at pertinent times and text messages between witnesses that indicate where Thompson allegedly stored child sex abuse materials and demonstrate his alleged sexual interest in children. *Id*. Because the search of the iPhone revealed evidence relevant to the crimes charged in the second superseding indictment, doc. 178, and because the United States has credibly demonstrated a continuing need to use the contents of the iPhone as evidence, *see* doc. 157 at 2-3, I find Thompson's motion in this regard should be denied. *Garcon*, 406 F. App'x at 369.

Turning to Thompson's motion for the return of the Nokia phone, the United States explains it was seized from Thompson upon reentry to the United States. Doc. 157 at 3. Although the United States has not searched the phone, it argues that "[g]iven the large number of devices which have been possessed by defendant and found to contain child sex abuse material, or indicia of having previously been used to store such material, there is a substantial risk that the government would be providing contraband to defendant if the phone were to be returned to defendant." *Id.*[6] The United States has credibly proffered that there is a likelihood the Nokia phone contains contraband. And because of the digital nature of the contraband allegedly possessed in this case, there also a possibility the Nokia phone could access digital storage containing contraband. *Alford*, 805 F. App'x at 926 n.2. Further, Thompson's possessory interest in the Nokia phone is significantly diminished because he remains

---

[6] The United States, however, suggests that it will return the phone if Thompson consents to a search for contraband, or consents to erasing the contents of the phone before its return. *Id.*

5

incarcerated and cannot possess it while detained. *United States v. Shaw*, 531 F. App'x 946, 949 (11th Cir. 2013). Thus, I find Thompson's motion to return the Nokia phone should also be denied.

It is **ordered**:

Thompson's Motion for the Return of Seized Property, doc. 49, is **denied**

**Ordered** in Jacksonville, Florida on April 21, 2023.

LAURA LOTHMAN LAMBERT
United States Magistrate Judge

c:
Samuel Arthur Thompson, pro se defendant
    Baker County Detention Center
    P.O. Box 1629
    MacClenny, Florida 32063
Christopher Eric Roper, Esquire (stand-by counsel)
Laura Cofer Taylor, Assistant United States Attorney
Kelly Karase, Assistant United States Attorney
Mai Tran, Assistant United States Attorney

6