UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  Case No. 3:20-cr-26-BJD-JRK

SAMUEL ARTHUR THOMPSON

## UNITED STATES' MEMORANDUM OF LAW REGARDING FORFEITURE

The United States of America submits this memorandum in conjunction with the proposed special verdict for forfeiture and forfeiture jury instructions. If the defendant is convicted of any or all of Counts One through Four and/or Seven through Nine charged in the Second Superseding Indictment, and if the defendant requests a jury determination on forfeiture pursuant to Rule 32.2(b)(5) of the Federal Rules of Criminal Procedure, this memorandum outlines the procedure the government proposes that the court take with regard to the special verdict on forfeiture. The government will not request a jury determination on the forfeiture. The United States of America submits the following memorandum regarding the procedure governing the forfeiture sought in this case.

## MEMORANDUM OF LAW

The United States seeks a preliminary order of forfeiture for against the defendant for the following assets:

    a.    A custom-built black computer tower, serial number RC942KKN11114901715;

  b.  A black Apple iPhone 7, serial number F72SRGL2HG7P;

  c.  A black Asus model X550C laptop computer, serial number E1N0CV131287028, containing 500 Megabyte HGST HTS Disk Drive serial number TMA55CPY2B2TAL;

  d.  An Asus Notebook, serial number E1N0CX833977048, containing a 500 GB HTST Hard Drive, serial number GL0K11BR (made in China);

  e.  An iPad Mini 2, serial number F9FSVQ16FLML;

  f.  A Smith & Wesson revolver, model 637, .38 S&W Spl. +P caliber, serial number DAZ3430, and ammunition; and

  g.  A Western Digital 250GB hard drive, Ser No: WMAEP2673326.

## I. Background

The Second Superseding Indictment charges the defendant, in pertinent part, with possession of child sex abuse material, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2) (Count One); receipt of child sex abuse material, in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1) (Count Two); intrusion of a protected computer causing damage, in violation of 18 U.S.C. §§ 1030(a)(5)(A) and (c)(4)(B)(i) (Count Three); production of child sex abuse material, in violation of 18 U.S.C. §§ 2251(a) and (e) (Count Four); receipt of child sex abuse material, in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1) (Count Seven); felon in possession, in violation of 18 U.S.C. § 922(g)(1) (Count Eight); and possession of child sex abuse material, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2) (Count Nine).

## II.   Applicable Statutes

18 U.S.C. § 2253 authorizes the forfeiture of any property used or intended to be used to commit or to promote the commission of a violation of 18 U.S.C. §§ 2251 and/or 2252 as charged in Counts One, Two, Four, Seven, and Nine, using the procedures outlined in 21 U.S.C. § 853. *See* 18 U.S.C. § 2253.

Forfeiture of assets for a violation of intrusion of a protected computer causing damage (18 U.S.C. § 1030), as charged in Count Three, is also governed by 18 U.S.C. § 982(a)(2)(B), any property constituting, or derived from, proceeds the person obtained directly or indirectly, as a result of such violation. In addition, forfeiture of assets for a violation of 18 U.S.C. § 1030, is also governed by 18 U.S.C. § 1030(i), for any personal property that was used to intended to be used to commit or to facilitate the commission of such violation; and any property, real or personal, constituting or derived from any proceeds obtained, directly or indirectly, as a result of such violation.

Additionally, forfeiture of assets for a violation of 18 U.S.C. § 922(g)(1) is also governed by 18 U.S.C. § 924(d)(1) as charged in Count Eight, which provides that, upon conviction, any firearm or ammunition involved in or used in any knowing violation of 18 U.S.C. § 922(g) shall be subject to seizure and forfeiture. *See* 18 U.S.C. § 924(d)(1). Pursuant to 28 U.S.C. § 2461(c), the United States is authorized to forfeit this property criminally, and the procedures for the forfeiture and disposition of the assets are governed by 21 U.S.C. § 853.

### III. Forfeiture Proceeding

Because forfeiture is an element of sentencing, there exists no constitutional right to a jury determination for forfeiture. *See United States v. Libretti*, 516 U.S. 29, 49 (1995) ("the nature of criminal forfeiture as an aspect of sentencing compels the conclusion that the right to a jury verdict on forfeitability does not fall within the Sixth Amendment's constitutional protection"). Furthermore, there is no statutory provision for a jury determination on forfeiture.

Pursuant to Federal Rule of Criminal Procedure 32.2(b)(5), however, either defendant or the United States may request that the jury determine whether the government has established a nexus or connection between the property alleged subject to forfeiture and the crimes for which the defendant has been found guilty by the jury. This is the jury's sole function in the forfeiture phase of the trial. It is no longer necessary for the jury to determine the extent of a defendant's interest in the property. Fed. R. Crim. P. 32.2, Advisory Committee Notes (2000 Adoption). That issue is left for the ancillary proceedings. *Id.*

Ultimately, the Court orders the forfeiture of property, but the jury must answer questions which will allow the Court to make the appropriate findings. *United States v. Amend*, 791 F.2d 1120, 1128 (4th Cir.), cert. denied, 479 U.S. 930 (1986) (affirming method by which jury determined forfeitability and questions about whether property was acquired through criminal enterprise, but trial court entered order of forfeiture); *United States v. L'Hoste*, 609 F.2d 796, 813-14 (5th Cir.), cert.

4

denied, 449 U.S. 833 (1980) (holding that forfeiture order is mandatory once jury determines essential factual issues required for forfeiture). The government's proposed special verdict is in the form of an interrogatory which will assist the jury to determine the factual predicate for the forfeiture issues in this case, and to procure the information necessary for the court to enter a forfeiture order.

      Under this approach, the Court should not advise the jury of the ramifications of its decision regarding forfeiture, just as a jury is not advised of the ramifications of a verdict of guilt or innocence. Thus, the portion of the Second Superseding Indictment entitled "Forfeitures" should not be read to the jury, and the term "forfeiture" should not be mentioned to the jury until after the issue of innocence or guilt is decided. The portion of the Second Superseding Indictment entitled "Forfeitures" is merely the required statutory notice to the defendant that the government seeks to forfeit certain property in accordance with the applicable statute. Fed. R. Crim. P. 32.2(a), Advisory Committee Notes (2000 Adoption and 2009 Amendment). Hence, bifurcated proceedings are required.

      At the forfeiture hearing following a conviction, the defendant and the government have the opportunity to present evidence with respect to the forfeitability of the property. As the Advisory Committee Notes to Fed. R. Crim. P. 32.2(b)(4) explain:

> For example, if the defendant disputes the government's allegation that a parcel of real property is traceable to the offense, the defendants would have the right to request that the jury hear evidence on that issue, and return a special

verdict, in a bifurcated proceeding that would occur after the jury returns the guilty verdict. The government would have the same option of requesting a special jury verdict on this issue, as is the case under current law.

*Id.*

## IV. Conclusion

In conclusion, should the defendant request a jury determination on the forfeiture after conviction pursuant to Rule 32.2(b)(5) and the Court determine that such a determination is required, the government requests that the Court:

(1) instruct the jury on the issue of forfeiture after the jury has returned a guilty verdict on any or all of Counts One through Four and/or Seven through Nine of the Second Superseding Indictment;

(2) allow jury instructions regarding property subject to forfeiture and burden of proof;

(3) allow bifurcated argument on the forfeiture issue; and

(4) provide the jury with a special verdict form as proposed by the government.

Respectfully Submitted,

ROGER B. HANDBERG
United States Attorney

By: *s/Mai Tran*
MAI TRAN
Assistant United States Attorney
Florida Bar Number 100982
300 N. Hogan Street, Suite 700
Jacksonville, Florida 32202
Telephone (904) 301-6301
E-mail: mai.tran2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

*s/Mai Tran*
MAI TRAN
Assistant United States Attorney
