# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

vs.   CASE NO. 3:20-cr-26-BJD-LLL

SAMUEL ARTHUR
THOMPSON
_____/

## ORDER

**THIS CAUSE** is before Report and Recommendation (Doc. 223; Report) entered by the Honorable Laura L. Lambert, United States Magistrate Judge. The Report addresses Defendant's Motion to Suppress and Request for Franks Hearing (Doc. 132) and related briefing (Docs. 149, 154, and 158). The Magistrate Judge conducted an evidentiary hearing on the Motion. (Docs. 185 and 208). After consideration of the evidence and arguments presented at the hearing and the parties' briefing, the Magistrate Judge concluded that Defendant's Motion was due to be denied. Defendant filed his Objections to Magistrate Judge's Report and Recommendation (Doc. 260; Objection), to which the Government was not required to respond. Accordingly, the matter is ripe for review.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b); see also Fed. R. Crim. P. 59(b)(3). If no specific objections to

findings of facts are filed, the district judge is not required to conduct a <u>de novo</u> review of those findings. See <u>Garvey v. Vaughn</u>, 993 F.2d 776, 779 n.9 (11th Cir. 1993); <u>see also</u> 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(2). However, a district judge "must consider <u>de novo</u> any objection to the magistrate judge's recommendation[,]" Fed. R. Crim. P. 59(b)(3), and reviews all legal conclusions <u>de novo</u>, see <u>Cooper–Houston v. Southern Ry.</u>, 37 F.3d 603, 604 (11th Cir. 1994).

At the heart of Defendant's Motion is his belief that he should receive a <u>Franks</u> hearing to demonstrate that the underlying search warrant was based on a deceptive affidavit. See <u>Franks v. Delaware</u>, 438 U.S. 154 (1978). In order for the Court to order a <u>Franks</u>, hearing a defendant must make a "substantial preliminary showing that (1) the affiant deliberately or recklessly included false statements, or failed to include material information, in the affidavit; and (2) the challenged statement or omission was essential to the finding of probable cause." <u>United States v. Arbolaez</u>, 450 F.3d 1283, 1293 (11th Cir. 2006) (internal quotations omitted).

The Court reviewed the Report in its entirety <u>de novo</u>. The Report accurately recited both the facts and law applicable to Defendant's Motion. The Report concluded that Defendant failed to make a substantial preliminary showing necessary for a <u>Franks</u> hearing to occur. This finding

is the only reasonable conclusion given the evidence adduced and arguments offered.

Defendant makes numerous objections to the Report but the reasoning behind the Report remains sound. For example, Defendant focuses on the cyber intrusion charge pursuant to 18 U.S.C. 1030 that requires unauthorized access to a computer system causing damage. Defendant argues the agent seeking the affidavit lied or recklessly disregarded the day on which Defendant was terminated. However, whether the Court accepts the agent's testimony or assumes Defendant was employed until March 2018, the relevant charged conduct occurred after both dates. Similarly, it makes no difference on the type of attack or command that was given insomuch as the evidence is overwhelming that it occurred, and the system was damaged or temporarily disabled as manifested in the visual representations on the video display board. (See Doc. 208.4; Jaguars Incident Response Report). The affidavit was also sufficiently in that it described the specific items to searched and the reasons behind the need to search those items.

For the reasons given in the Report and Recommendation, it is hereby **ORDERED:**

1. Defendant's Objections (Doc. 260) are **OVERRULED**.

2. The Report and Recommendation (Doc. 223) is **ADOPTED** as the opinion of this Court.

3. Defendant's Motion to Suppress and Request for Franks Hearing (Doc. 132) is **DENIED**.

**DONE** and **ORDERED** in Jacksonville, Florida this 6th day of November, 2023.

_____
BRIAN J. DAVIS
United States District Judge

2

Copies furnished to:

Counsel of Record
Unrepresented Parties