UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case Number: 3:20-cr-26(S2)-BJD-LLL |
| v | USM Number: 79225-112 |
| SAMUEL ARTHUR THOMPSON (Pro Se) | Christopher Eric Roper, Esq. (CJA) (Standby Counsel) 301 West Bay Street, Suite 1413 Jacksonville, FL 32202 |

JUDGMENT IN A CRIMINAL CASE

The defendant was found guilty of Counts One, Two, Three, Four, Five, Six, Seven, Eight, Nine, and Ten of the Second Superseding Indictment. The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2) | Knowingly Possessing Child Pornography | December 2017 | One |
| 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1) | Knowingly Receiving Child Pornography | January 2018 | Two |
| 18 U.S.C. §§ 1030(a)(5)(A), and (c)(4)(B)(i) | Knowingly Transmitting a Program, Information, Code, or Command to a Protected Computer, Intentionally Causing Damage without Authorization | December 2018 | Three |
| 18 U.S.C. §§ 2251(a) and 2251(e) | Producing, and Attempting to Produce, Child Pornography | June 2019 | Four |
| 18 U.S.C. § 2260A | Producing Child Pornography while being Required to Register as a Sex Offender | June 2019 | Five |
| 18 U.S.C. § 2250(b) | Knowingly Failing to Update Sex Offender Registration to Disclose Information about Foreign Travel | July 2019 | Six |
| 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1) | Knowingly Receiving Child Pornography | July 2019 | Seven |
| 18 U.S.C. §§ 922(g)(1) and 924(a)(2) | Felon Knowingly in Possession of a Firearm | July 2019 | Eight |
| 18 U.S.C. § 2252(a)(4)(B) | Knowingly Possessing Child Pornography | July 2019 | Nine |
| 18 U.S.C. § 2250(b) | Knowingly Failing to Update Sex Offender Registration to Disclose Information about Foreign Travel | September 2019 | Ten |

Samuel Arthur Thompson
3:20-cr-26(S2)-BJD-LLL

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS ORDERED** that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Date of Imposition of Sentence: March 25, 2024

**BRIAN J. DAVIS**
**SENIOR UNITED STATES DISTRICT JUDGE**

March 27th, 2024

Samuel Arthur Thompson
3:20-cr-26(S2)-BJD-LLL

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of **TWO THOUSAND SIX HUNDRED AND FORTY (2,640) MONTHS, this term consists of TWO HUNDRED AND FORTY (240) MONTH terms as to Counts One and Nine; a FOUR HUNDRED AND EIGHTY (480) MONTH term as to Counts Two and Seven; a ONE HUNDRED AND TWENTY (120) MONTH term as to Counts Three, Six, Eight and Ten; and a SIX HUNDRED (600) MONTH term as to Count Four, all such terms to run consecutively; and a ONE HUDNRED AND TWENTY (120) MONTH term as to Count Five, which shall run consecutively to Count Four.**

The Court makes the following recommendations to the Bureau of Prisons:
- Incarceration at FCI Marianna.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy United States Marshal

AO245B (Rev. 09/19) Judgment in a Criminal Case

Samuel Arthur Thompson
3:20-cr-26(S2)-BJD-LLL

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of **LIFE, this term consists of a LIFE term as to Counts One, Two, Four, Five, Seven, and Nine and a THREE (3) YEAR term as to Counts Three, Six, Eight, and Ten all such terms to run concurrently.**

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
4. You must cooperate in the collection of DNA as directed by the probation officer.
5. You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense.
6. You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution.

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

Samuel Arthur Thompson
3:20-cr-26(S2)-BJD-LLL

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchucks or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature:_____    Date:_____

AO245B (Rev. 09/19) Judgment in a Criminal Case

Samuel Arthur Thompson
3:20-cr-26(S2)-BJD-LLL

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

1. You shall participate in a substance abuse program (outpatient and/or inpatient) and follow the probation officer's instructions regarding the implementation of this court directive. Further, you shall contribute to the costs of these services not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Substance Abuse Treatment Services. During and upon the completion of this program, you are directed to submit to random drug testing.

2. You shall participate in a mental health treatment program (outpatient and/or inpatient) and follow the probation officer's instructions regarding the implementation of this court directive. Further, you shall contribute to the costs of these services not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Mental Health Treatment Services.

3. You shall participate in a mental health program specializing in sexual offender treatment and submit to polygraph testing for treatment and monitoring purposes. You shall follow the probation officer's instructions regarding the implementation of this court directive. Further, you shall contribute to the costs of such treatment and/or polygraphs not to exceed an amount determined reasonable by the probation officer based on ability to pay or availability of third party payment and in conformance with the Probation Office's Sliding Scale for Treatment Services.

4. You shall register with the state sexual offender registration agency(s) in any state where you reside, visit, are employed, carry on a vocation, or are a student, as directed by the probation officer.

5. The probation officer shall provide state officials with all information required under Florida sexual predator and sexual offender notification and registration statutes (F.S. 943.0435) and/or the Sex Offender Registration and Notification Act (Title I of the Adam Walsh Child Protection and Safety Act of 2006, Public Law 109-248), and may direct the defendant to report to these agencies personally for required additional processing, such as photographing, fingerprinting, and DNA collection.

6. You shall have no direct contact with minors (under the age of 18) without the written approval of the probation officer and shall refrain from entering into any area where children frequently congregate including: schools, daycare centers, theme parks, playgrounds, etc.

7. You are prohibited from possessing, subscribing to, or viewing, any images, video, magazines, literature, or other materials depicting children in the nude and/or in sexually explicit positions.

8. Without prior written approval of the probation officer, you are prohibited from either possessing or using a computer (including a smart phone, a hand-held computer device, a gaming console, or an electronic device) capable of connecting to an online service or internet service provider. This prohibition includes a computer at a public library, an internet café, your place of employment, or an educational facility. Also, you are prohibited from possessing an electronic data storage medium (including a flash drive, a compact disk, and a floppy disk) or using any data encryption technique or program. If approved to possess or use a device, you must permit routine inspection of the device, including the hard drive and any other electronic data storage medium, to confirm adherence to this condition. The United States Probation Office must conduct the inspection in a manner no more intrusive than necessary to ensure compliance with this condition. If this condition might affect a third party, including your employer, you must inform the third party of this restriction, including the computer inspection provision.

9. You shall have no contact, direct or indirect, with Minor Victims One and Two.

10. You shall submit to a search of your person, residence, place of business, any storage units under your control, computer, or vehicle, conducted by the United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. You shall inform any other residents that the premises may be subject to a search pursuant to this condition. Failure to submit to a search may be grounds for revocation.

11. You shall be prohibited from incurring new credit charges, opening additional lines of credit, or obligating yourself for any major purchases without approval of the probation officer.

AO245B (Rev. 09/19) Judgment in a Criminal Case

Samuel Arthur Thompson
3:20-cr-26(S2)-BJD-LLL

12. You shall provide the probation officer access to any requested financial information.

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments set forth in the Schedule of Payments.

|  | **Assessment** | **AVAA Assessment**[1] | **JVTA Assessment**[2] | **Fine** | **Restitution** |
|---|---|---|---|---|---|
| **TOTALS** | $1,000.00 | $0.00 | $0.00 | $0.00 | Undetermined |

The determination of restitution is deferred, the Court shall set a date for the final determination of the victims' losses within 90 days from the date of the sentencing. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

## SCHEDULE OF PAYMENTS

The Special Assessment in the amount of **$1,000.00** is due in full and immediately.

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

Unless the court has expressly ordered otherwise, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

## FORFEITURE

The defendant shall forfeit to the United States the assets identified in the Preliminary Order of Forfeiture (Doc. 306).

---

[1] Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
[2] Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
AO245B (Rev. 09/19) Judgment in a Criminal Case